**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| PAVEL BUSHUEV, | |
| *Petitioner,* | |
| v. | Case No. 1:25-cv-213 MAL |
| IMMIGRATION AND CUSTOMS EN-FORCEMENT – ENFORCEMENT AND REMOVAL OPERATIONS, et al., | |
| *Respondents.* | |

<u>**ORDER DISMISSING PETITION**</u>

    Pavel Bushuev, a Russian national, has been living in the United States illegally.  Having never been lawfully "admitted" into the country, he was detained by federal officials and awaits immigration removal proceedings.  Bushuev now challenges the legality of his detention—petitioning this Court[1] for a writ of habeas corpus on grounds that he has been detained for over a month without a bond hearing, and that immigration officials' refusal to grant his requests for a bond hearing constitutes a due process violation.  Doc. 1 at 6.  He requests "that this Court grant the

---

[1]  While the caption of the petition identifies the United States District Court for the Western District of Missouri, *see* Doc. 1 at 1, it was filed in the Eastern District of Missouri—the proper venue. "For 'core habeas petitions,' 'jurisdiction lies in . . . the district of confinement.' " *Trump v. J.G..G.*, 604 U.S. 670, 672 (2025) (*per curium*) (quoting *Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004)). Because Bushuev clearly states in his petition that he is being detained at the St. Genevieve Detention Center located within the Eastern District of Missouri, *see* Doc. 1 at 1, this Court has jurisdiction over his petition.

writ of habeas corpus and order his release or, in the alternative, order a bond hearing." *Id.* at 7.

But aliens present in the United States without having been formally admitted must be detained without bond during removal proceedings. 8 U.S.C. § 1225(b)(2). Because Bushuev was living in the country without having been admitted, the federal government may continue to detain him without bond pending his removal proceedings. Accordingly, Bushuev's petition must be denied.

## BACKGROUND[2]

Bushuev is a Russian national who is charged with being in the country unlawfully. Doc. 1-1 at 6–7. He appears to have entered the United States about four years ago, *id.* at 8, and he does not dispute that he "freely admitted to being in the US illegally/without inspection."[3] *Id.* at 7. He has an employment authorization card from the United States Citizenship and Immigration Service and a pending application for asylum. *Id.* at 8. The federal government detained Bushuev on November 6, 2025, and he remains in custody pending the completion of removal proceedings. *Id.* Bushuev, proceeding *pro se*, now petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241 seeking release or, in the alternative, a bond hearing. Doc. 1 at 7.

## LEGAL STANDARD

"Writs of habeas corpus may be granted by … the district courts … within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court may grant a writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States . . ." 28 U.S.C. § 2241(c)(3). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008).

---

[2] These facts are drawn from Bushuev's petition and the documents he attached in support. For purposes of this petition, the Court assumes these facts are true.

[3] In his petition, Bushuev says he has "no criminal record" and "followed all immigration rules . . ." Doc. 1 at 6. But he does not dispute that he "freely admitted to being in the [United States] illegally/without inspection." *See* Doc. 1–1 at 7. And entering the United States while "elud[ing] examination or inspection by immigration officers" is a crime. 8 U.S.C. § 1325.

If the petitioner's detention is lawful, "the writ of habeas corpus shall not extend to [the petitioner.]"  28 U.S.C. § 2241(c).

## ANALYSIS

Bushuev's petition is based on his belief that he is entitled to an individualized bond hearing.  The question, then, is whether the federal government can lawfully detain Bushuev without having a bond hearing.  As this Court has already concluded in a functionally similar case—*Cutiopala v. Noem*, No. 1:25-cv-211-MAL, 2026 WL 113567 (E.D. Mo. Jan. 15, 2026)—the federal government must detain pending removal proceedings any alien seeking admission when the examining immigration officer determines that the alien is not clearly and beyond a doubt entitled to be admitted.  Because Bushuev is not clearly and beyond a doubt entitled to be admitted, he must be detained pending removal, and the statute does not provide for a bond hearing.

## I.    Bushuev is lawfully detained under § 1225(b)(2).

This issue is straightforward.  Title 8 of the United States Code, Section 1225(b)(2), commands that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien ***shall be detained*** for a [removal] proceeding[.]"  8 U.S.C. § 1225(b)(2) (emphasis added).  Read most naturally, § 1225(b)(2) mandates detention of "applicants for admission" until removal proceedings have concluded. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).[4] "Until that point, however, nothing in the statutory text imposes any limit on the

---

[4] The Board of Immigration Appeals has also recently interpreted § 1225(b)(2) to prohibit an immigration judge from holding bond hearings for aliens who, like Bushuev, have been in the United States for longer than two years. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 228 (BIA 2025).

length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatso-ever about bond hearings." *Id.*

Section 1225(b) clearly applies to Bushuev. Section 1225(b)(2) requires detention of "applicants for admission" during removal proceedings. An "applicant for admis-sion" under § 1225 is defined as any alien who "is present" in the country but "has not been admitted[.]" 8 U.S.C. § 1225(a)(1); *Jennings*, 583 U.S. at 287. And an alien is "admitted" into the country only upon "lawful entry . . . into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). That makes Bushuev an "applicant for admission" under § 1225. Despite living in the United States, Bushuev never lawfully entered. Instead, Bushuev entered the country without a visa or inspection, *see* Doc. 1-1 at 7–8, and does not dispute that he "freely admitted to being in the US illegally/without inspection." *Id.* at 7. Thus, Bushuev is an "applicant for admission" who must be detained under § 1225(b)(1) while his removal proceedings continue.

Some courts have concluded that § 1225(b)(2) does not apply to aliens who have been living in the United States for an extended period. Those courts have reasoned that § 1225(b)(2) applies to aliens "seeking admission" and, because aliens living in the country are not actively seeking lawful entry, they are not "seeking admission." This Court has already rejected that argument, *see Cutiopala*, 2026 WL 113567, and so has every other decision addressing it in this judicial district. *See Mejia Olalde v. Noem*, No. 1:25-cv-168-JMD, 2025 WL 3131942 (E.D. Mo. Nov. 10, 2025); *Suarez v. Noem*, No. 1:25-cv-202-JMD, 2025 WL 3312168 (E.D. Mo. Nov. 28, 2025); *Ramirez v. Noem*, No. 1:25-cv-206-CMS, 2026 WL 251725 (E.D. Mo. Jan. 30, 2026). There is good reason to reject the argument too. Namely, to "seek" is a synonym of to "apply" for, "[s]o by applying for admission, [an alien] is necessarily seeking admission." *Cuti-opala*, 2026 WL 113567 at *3. It makes no sense to say that a job applicant is not

4

seeking a job. So too here. Read ordinarily, an "applicant for admission" is "seeking admission."

Because the plain text of the statute expressly deems Bushuev an "applicant for admission," the Court finds that § 1225(b)(2) applies to him. Thus, § 1225(b)(2) authorizes the federal government to detain Bushuev without bond until the conclusion of his removal proceedings.

## II.    Bushuev is not entitled to a bond hearing.

Section 1225(b)(2)'s application to Bushuev resolves his petition. The only grounds Bushuev asserts in support of habeas relief are (1) that he has been detained for three months without a bond hearing, and (2) that immigration officials' refusal to grant his requests for bond hearing constitutes a due process violation. Doc. 1 at 6. Both arguments essentially raise the same issue: whether Bushuev is entitled to a bond hearing while he awaits removal proceedings. He is not. The statute giving the federal government authority to detain him does not require a bond hearing, and neither does the Due Process Clause.

As already discussed, Bushuev is lawfully detained under § 1225(b)(2). Read most naturally, § 1225(b)(2) mandates detention of "applicants for admission" like Bushuev until removal proceedings have concluded. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). "Until that point, however, nothing in the statutory text imposes any limit on the length of detention," and § 1225(b)(2) "says [nothing] whatsoever about bond hearings." *Id.* Thus, Bushuev's continued detention without bond pending his removal proceedings is statutorily authorized—*i.e.*, with "due process *of law*." U.S. Const. amend. V. (emphasis added).

This does not violate the Due Process Clause. For decades it has been settled "that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003); *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024) (stating that in *Demore*, "[the Supreme Court] reaffirmed its 'longstanding view that the

[g]overnment may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings.' " (quoting *Demore*, 538 U.S. at 526)). That remains true even if the alien is neither dangerous nor a flight risk. *Id.* at 524–25, 531 (reaffirming *Carlson v. Landon*, 342 U.S. 524 (1952), where the Supreme Court rejected a reading of the Due Process Clause that would allow aliens detained pending removal proceedings to be released if they are neither a flight risk nor individually dangerous.). While constitutional concerns may exist for mandatory immigration detentions exceeding six months—*see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (interpreting separate immigration statute to require hearing after six months to avoid constitutional issues); *but see Jennings*, 583 U.S. at 299–300 (rejecting use of the constitutional avoidance canon to read into §§ 1225(b)(1) and (b)(2) an implicit six-month limit on the detention)—Bushuev has not been detained for over six months. Doc. 1 at 4. Therefore, there is no due process violation to remedy here.

### Conclusion

For these reasons, Bushuev's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Doc. 1, is **DENIED** and **dismissed**.

Dated this 9th day of February, 2026.

*Maria A. Lanahan*

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE